GREEN v. TANEY.

1. ADMINISTRATION OF ESTATE — PREMATURE DISCHARGE OF ADMINIS-
   TRATRIX.— Where a party dies pending his appeal for a judgment
   against him, and his administratrix is substituted in his stead as ap-
   pellant, an affirmance of the judgment makes it a judgment against
   her as administratrix, and a conclusive and established claim pay-
   able out of the estate prior to distribution; and the discharge of the.
   administratrix before its payment, unless there is an insufficiency of
   assets, is invalid.

2. JUDGMENT AGAINST ESTATE — HOW PAID.— General Statutes, section
   138 (3618), page 1055, provides that, on recovery of a judgment at
   law in any court other than the county court against a personal
   representative for a demand due from his testator or intestate, no
   execution shall be issued thereon, but the party recovering it shall
   cause a "transcript of the record of the judgment entry" to be filed
   in the county court, and the same shall be classed and paid as other
   demands. The filing of a transcript of the judgment docket is a
   sufficient compliance with the statute. No further prosecution of
   an adjudicated judgment is required.

*Appeal from District Court of Arapahoe County.*

ON the 14th day of June, 1881, appellee recovered a
judgment against Michael Green, in the district court of
Arapahoe county, for the sum of $1,624 and costs, from
which Green appealed to this court. Pending such appeal,
about March 1, 1883, he died. On the 20th of the same
month, appellant, widow of Green, was appointed adminis-
tratrix of the estate. In February, 1884, appellant ap-
peared by her counsel in this court, suggested the death of
Michael Green and the appointment of herself as adminis-
tratrix, and asked to be substituted in her representative
capacity as appellant in the case pending, which was agreed
to in writing by the respective counsel, and the substitution
made by the court. On the 14th day of March of the
same year the judgment of the district court was affirmed.
7 Colo. 278. The estate of Michael Green, real and personal,
exceeded $50,000 in value. The claims allowed against it
amounted to about $17,000. It is alleged in the complaint

that, after the affirmance of the judgment, counsel for appellee filed in the county court, where the estate was being settled, a transcript of the judgment of *Taney v. Green*, and asked that the same be paid; and, although this specific averment is denied in the answer, yet it is expressly admitted therein that said judgment of the district court had been affirmed previous to the commencement of this suit.

Payment of the judgment was resisted and refused by appellant. It remained unpaid, and in May, 1885, appellant filed a petition to be discharged as administratrix, alleging, as is averred in the complaint, that she had paid all the just debts and liabilities due and owing by the estate, which petition was granted, and her discharge ordered.

It is further alleged that, at the time of her discharge, there was remaining in her hands for distribution assets of the estate to the value of $33,951.86. The prayer is for judgment against appellant, as administratrix, for the amount of the judgment, $1,624, interest, and costs.

The defendant made several admissions in pleading, among them being that she was made, by substitution, party appellant in this court in place of her deceased husband; that the estate was solvent and valuable, as alleged in the complaint. She alleges the language used in her petition for discharge as executrix to be "that all claims and demands presented and allowed against the said estate had been paid in full." An allegation in the answer deemed important and relied upon in argument was a denial that any transcript of the judgment record in the district court was filed in the county court; and an averment that the document filed was "a transcript of the judgment docket in the district court;" and a denial that appellee prosecuted the claim before the county court; an allegation that on the day she filed her report and asked to be discharged she showed to the judge of the county court the transcript of the judgment docket filed by appellee as a claim against the estate, and asked the county court "to dismiss and disallow the claim for the failure of plaintiff to prosecute the

claim as required by the statute, and that the county court thereupon dismissed and disallowed the claim for failure of the plaintiff to prosecute the same." Several other special defenses were interposed, to which the appellee demurred, and the demurrer was sustained.

Appellant elected to stand by the answer as to the portion demurred to. Trial was had to the court without a jury, resulting in a judgment for appellee for $2,922.76 against appellant, as administratrix, and, in conclusion, the following was by the judge made a part of the said judgment:

"And it appearing to the court that said estate has been fully administered upon except as to the claim now in suit, it is considered and ordered by the court that said sum of money be paid at once."

From such judgment this appeal was taken.

Messrs. STEELE & MALONE, for appellant.

Messrs. ROCKWELL & ELLIS, for appellee.

REED, C. The demurrer was properly sustained. The matters set up in the answer to which the demurrer was directed were extraneous, and could not be legally regarded as capable of barring the suit or amounting to a defense. Several of the supposed special defenses were allegations of or histories of different suits and proceedings instituted for the collection of the money. A perusal of them shows, perhaps, that appellant and the various parties against whom the suits were brought were unnecessarily harassed and subjected to expense and inconvenience, but fails to show that the claim had in any of them been satisfied and discharged.

The issues remaining are amply sufficient for the determination of the case. The claim of appellee had been merged in judgment prior to the death of the intestate, and an appeal was pending in this court at the time of his death. Appellant applied to be and was substituted, the

judgment was affirmed, and, by the substitution, became a judgment against her, as administratrix of the estate. Upon its affirmance it became final and conclusive,— an established claim payable out of the estate prior to distribution to heirs.

Section 138 (3618), page 1055, General Statutes, relied upon by appellant, is as follows: " Upon the recovery of judgment at law in any court other than the county court, against any executor or administrator, for a demand due from his testator or intestate, no execution shall be issued thereon, but the party recovering such judgment shall cause a transcript of the record of the judgment entry to be filed in the county court, and the same shall be classed and paid as other demands are."

By it, to prevent unnecessary expense and interruption in the proceedings of settlement, the creditor is precluded from proceeding in the ordinary method by execution to make the money upon the judgment, but " the party re- covering such judgment shall cause a transcript of the record of the judgment entry to be filed in the county court." It is contended that this was not done; that " no transcript of the judgment rendered by the district court " was filed; and that only " a transcript of the judgment docket " was filed. An examination will show that, by the statute, it was not required that a transcript of the judg- ment should be filed. The language is, " shall cause a tran- script of the record of the judgment entry to be filed." Such record of the judgment entry was in the judgment docket, and the filing of a transcript of the docket was sufficient to answer the law; the intention of the law evidently being the proof from the record of the court of the existence of a valid unsatisfied judgment for the sum named. Such evidence was furnished by the transcript filed. No prosecu- tion of the claim was required; it was an adjudicated claim; the estate was liable for the amount. The duty devolved by the statute upon the administratrix was to pay it, and she could only excuse herself by showing an insufficiency of the assets. In this case the sufficiency of the estate was

conceded, and the supposed discharge of the administratrix was invalid.

The judgment of the district court should be sustained. There was no legal discharge or distribution. If it could be held that the act of the county court operated as a discharge, still the judgment should be affirmed, such discharge having been improperly obtained, and the assets to an amount largely exceeding the claim illegally appropriated to her own use while the judgment still remained unpaid. Such assets should be followed and applied as contemplated by the statute.

We advise that the judgment be affirmed.

Bissell and Richmond, CC., concur.

Per Curiam. For the reasons stated in the foregoing opinion the judgment of the district court is affirmed.

*Affirmed.*