DOWLING, APPELLANT, v. DOWLING, APPELLEE.

1. JUDGMENT AGAINST ESTATE—RIGHTS OF HOLDER.
Where a judgment creditor of a solvent estate postpones enforcement of her judgment in consideration of an assignment to her of one of several notes secured by deed of trust and given to the heir for a debt due the estate, and it is agreed that upon the payment of the note and interest when due, she will satisfy the judgment, she is not compelled to exhaust her remedy upon the note as a condition to her right to enforce the judgment against the heir.

2. HEIR—LIABILITY OF.
The heir into whose possession an estate has come is to be excused

from the payment of its debts only upon showing an insufficiency of assets.

3. ESTOPPEL.

The doctrine of estoppel by election cannot be invoked by one who has suffered no disadvantage by reason of anything in the premises.

*Appeal from the District Court of Jefferson County.*

THE facts are sufficiently stated in the opinion of the court.

Mr. A. H. DE FRANCE, for the appellant.

Mr. JOSEPH MANN, for the appellee.

RICHMOND, P. J., delivered the opinion of the court.

By the complaint in this case it appears that one Matthew Dowling died intestate on the 5th day of August, 1880; that on the 27th day of December, 1880, letters of administration were issued upon his estate to Jacob D. Carns by the probate court of Jefferson county, Colorado; that on the 5th day of September, 1881, Julia Dowling, appellee herein, obtained a judgment in the county court against the estate of Matthew Dowling for the sum of $405.50; that on or about January 2, 1882, $173.75 was paid on said judgment; that the defendant and appellant herein, Mary Dowling, was the widow and sole heir of Matthew Dowling.

It seems that the personal assets of the estate were not sufficient to pay the judgment and that the defendant, Mary Dowling, took possession of all the estate, sold and realized therefrom the sum of $2,000, and, it is alleged, promised and agreed to pay plaintiff this judgment. This action is brought to recover the amount due.

By the answer it is alleged that one John Lydon executed and delivered to Mary Dowling as widow and heir, for a debt due the estate, four promissory notes, and secured the payment of the same by a deed of trust upon lands in the county of Jefferson; and that on the 30th day of August, 1884, Mary Dowling transferred one of these promissory notes to Julia Dowling, which was in words and figures as follows:

"$200.        Golden, Colorado, May 15th, 1884.

" One year after date I promise to pay to the order of Mary Dowling two hundred dollars, payable at Golden, Colorado, with interest at the rate of five per cent per annum from date until paid. Interest payable at maturity. Value received.        John Lydon."

That at the same time and contemporaneous with the delivery of said note the following instrument was executed by Julia Dowling:

" Received of Mary Dowling this day a promissory note executed by John Lydon to her for the sum of two hundred dollars payable on the 15th day of May, 1885, and which note is secured by a trust deed. Now if said note and interest is promptly paid to me when due then I agree to cancel and release the judgment I obtained and hold against J. D. Carns, administrator of the estate of Matthew Dowling, deceased, for the sum of four hundred and five dollars and $\frac{50}{100}$ dollars, entered in the probate court of Jefferson county, Colorado, in the month of September, 1881, and then the said Mary Dowling shall have a clear receipt for said judgment.

" Golden, August 30th, 1884.        Julia Dowling."

Thereafter, as it appears and is admitted by the agreed statement of facts, in order to pay the notes so executed by John Lydon, proceedings were instituted by the heir and widow under the deed of trust, and the real estate therein mentioned was sold, and the sum of $500 realized from said sale, which was sufficient to satisfy two of said notes, and the sum of $59.30 was applied upon the third then held by appellant.

The cause was tried to the court a jury being waived, and the court found that Julia Dowling, the appellee, was indebted to Mary Dowling, the appellant, in the sum of $418.91, and rendered judgment for this amount.

To reverse this judgment it is insisted by appellant that she was under no legal obligation to pay the judgment sued

upon; that it was the debt of another and no promise was made in writing to pay the same; that if such obligation existed it was fully discharged by the contract of August 30th, 1884; that by said contract it became the duty of Julia Dowling to use due diligence in the collection of the note, and having failed to do so and neglecting to return the note, she was estopped from recovery for the balance due upon the judgment.

This was a claim against the estate of Matthew Dowling which was evidenced by the judgment obtained. Mary Dowling became the sole heir and absorbed the entire assets of the estate, but for the purpose of paying the same she transferred the above mentioned note and accepted the conditional receipt above recited.

True it is that the note was secured by the deed of trust, and it is equally true that three other notes were secured with this one by the same deed of trust, and that Mary Dowling held these three notes and advertised the property mentioned in the deed of trust for sale, under and by the terms of it and purchased it for the sum of $500, canceling two and a part of the third note, leaving the note transferred by her to Julia Dowling wholly unpaid and unsatisfied.

We are clearly of the opinion that the appellant being the sole heir of her deceased husband and having secured, sold and converted to her own use all of the personal and real estate of her husband, realizing therefrom more than sufficient to pay the judgment against the estate, she became liable for the judgment. It is not necessary that a promise either verbal or written should have been executed by her in order that the obligation should attach: The transaction does not come within the provisions of our statute of frauds. The assignment of the note and delivery of the above mentioned receipt, clearly and unmistakably indicate the contract made between the parties, and that there is no mistaking the purpose and intention of both parties at the time when this contract was made. Here there was a delivery of a note payable one year after date for the sum of $200 by Mary

Dowling to Julia Dowling in satisfaction of an acknowledged claim against the estate when paid, of which she was the sole heir. This was a claim payable out of the assets of the estate of Matthew Dowling prior to any distribution to heirs, and relied upon by appellee when she accepted the note in question; but to prevent any unnecessary expense and interruption in the settlement of the estate she agreed to accept this note and postpone her enforcement of judgment for the period of time when the note would become due. The estate was responsible for it, and the duty devolving upon the sole heir was to pay it, and she could only excuse herself by showing an insufficiency of the assets. *Green v. Taney*, 16 Colo. 398.

The note was secured, with several other notes, by a deed of trust, and it is fair to assume that the understanding was that this note would undoubtedly be paid at its maturity, because it was so secured, and because the other notes secured by the same deed of trust were held by the assignor of this note. And as expressive of the understanding and agreement between the parties the above receipt was executed.

It seems to us there can be no escaping the conclusion that both parties understood that this note was in the nature of a collateral promise, which if paid, the judgment against the estate would be released and canceled. The language of the receipt is plain and simple, and is not susceptible of the constrained construction placed upon it by appellant's attorney in his brief: " Now if said note and interest is promptly paid to me when due *then* I agree to cancel and release the judgment I obtained and hold against J. D. Carns, administrator of the estate of Matthew Dowling, deceased, for the sum of four hundred and five and $\frac{50}{100}$ dollars entered in the probate court of Jefferson county, Colorado, in the month of September, 1881, and *then* the said Mary Dowling shall have a clear receipt for said judgment."

Can it be said that under a contract so worded it was the duty of Julia Dowling to proceed to foreclose under the deed of trust at the time of the maturity of this note, or is

it not a fact that the delivery of the note properly indorsed, coupled with the receipt, indicated that in case Lydon paid the note then the judgment was to be released and canceled and satisfied in full.

It occurs to us that one would have to labor by the lamp and travel into the realms of imagery ere any other conclusion could be reached. There is nothing in the transaction, as developed by the record, that would warrant us in placing the appellee in the position of holding this paper as commercial paper, to be dealt with and handled as such. She was under no obligation to press collection by suit or sale of the real estate. She evidently received the note understanding and believing, and it was undoubtedly so understood by appellant, that, in view of the fact that the note in connection with others was secured by a deed of trust upon land amply sufficient to satisfy in full all of the notes, unless it was paid, the judgment would stand against the estate for the payment of which Mary Dowling would ultimately become personally responsible. She had been induced to suspend enforcement of her judgment against the estate by the assignment of the note with assurances that unless it was paid she in no sense forfeited her claim embraced in the judgment.

It is true she did not tender the note at the time of the institution of the suit to recover on the unpaid balance of the judgment, nor do we think she was obligated so to do. It was not delivered as payment nor accepted by the appellee in satisfaction of the judgment, unless John Lydon would keep his promise and pay the same upon maturity. His failure to do so left the judgment intact and the note would, upon payment of the judgment, become the property of the appellant and she would be entitled to its possession.

The contention that she had made the note her property by holding possession of it after maturity is without force.

For, as has heretofore been said, we are clearly of the opinion that she was entitled to hold it until the judgment was satisfied. The doctrine of election and estoppel cannot be

invoked in behalf of appellant, as she suffered no disadvantage, having acquired by purchase all of the property of John Lydon in part satisfaction of paper held by her. Hence if the note had been returned at maturity she would have been in no better position than now.

Appellee did not occupy the position of one dealing in commercial paper, and the law controlling the transfer and assignment of negotiable paper has no application to the relation between these parties.

We think the finding of the court was correct. The judgment must be affirmed.

*Affirmed.*

#### UPON REHEARING.

PER CURIAM. After mature and thorough consideration of the briefs of counsel for appellant and appellee in this cause we have reached the conclusion that the former opinion should stand as the opinion of the court

The judgment is accordingly affirmed.

*Affirmed.*