[No. 6536.]

### BROWN EASTES v. WALLEY ET AL.

1. HEIR—*Liability for Debts of Ancestor*—The sole heir of the decendent is appointed administrator upon his estate, and by conveyances and transfers from those in whom the legal

title is vested, acquires title to, and possession of the whole estate of the decedent, which greatly exceeds in value the liabilities of the deceased. Claims are presented against the estate in due season. The administrator resigns and the claims are not allowed. The heir is liable to the action of the creditor though the administration is not closed—(169, 170).

2.   ELECTION OF REMEDIES—It rests with the creditor in such case to proceed in the administration proceedings or by independent action against the heir—(170).

*Appeal    from    Denver    District    Court*—HON. GEORGE W. ALLEN, Judge.

Mr. A. M. STEVENSON for appellant.

Mr. CLINTON REED and Mr. H. WENDELL STEVENS for appellees.

Appellees, plaintiffs below, brought suit against appellant upon eleven different causes of action. The first was for the value of a casket and other goods, labor and care in and about the funeral and burial of one Henry George Brown, deceased, which were sold and performed at the instance of those authorized to bind his estate for such expenses. The remaining causes of action were upon accounts growing out of transactions of Brown during his lifetime, with sundry parties, which accounts had been duly assigned to the plaintiffs. The liability of the defendant for these several accounts was based upon averments in the complaint to the effect that the defendant was the widow of deceased; that she had been appointed administratrix of his estate; that he died intestate; that the defendant duly qualified as administratrix, and filed an inventory of the property of the estate; that thereafter there was transferred to her, by certain parties in whom the title to the real and personal property belonging to the deceased was vested, all the property of the estate, consisting of real estate, cash, and other items of personal property, of the value of seventy-five

thousand dollars; and that the entire amount of the indebtedness against the estate contracted by Brown did not exceed the sum of fifteen hundred dollars.

It is further alleged that within the proper time all the claims sued upon were duly filed in the county court in which the administration proceedings were pending; that the defendant promised to pay them, but that after she obtained title to the real estate, and possession of the personal property above mentioned, she resigned as administratrix and took and carried away from the State of Colorado all of the personal property of the estate, and wrongfully converted the same to her use; that the claims so filed have not been passed upon nor paid; and that the property so taken by her is beyond the jurisdiction of the court, except the real property, which has been attached and levied upon in this case.

To this complaint the defendant filed a general demurrer, which was overruled. Defendant thereupon elected to stand upon her demurrer, and judgment was rendered against her in favor of the plaintiffs for the aggregate sum of the several causes of action sued upon. From this judgment she has appealed.

MR. JUSTICE GABBERT delivered the opinion of the court.

Counsel for appellant contends that the complaint does not state a cause of action for the following reasons: The claims sued upon should have been established against the estate, and until this was done, the action could not be maintained; that the only forum in which such proceedings could be had in the way of establishing the indebtedness against the estate, was the County Court, in which the administration proceedings were pending; that it does not appear defendant's resignation was accepted, or that she has been discharged; that she cannot be held upon her promise pleaded, be-

cause it was within the statute of frauds; and that the promise pleaded was made in her representative capacity, and hence, she cannot be held individually responsible for such promise; that the real property could not be attached without permission of the county court in which the administration proceedings were pending; that plaintiffs are not judgment creditors, and therefore, cannot maintain an action to subject the property of the estate to the payment of their claims.

None of these questions need be considered. Eliminating all averments of the complaint bearing on them, it appears the action is against the defendant in her individual capacity, the basis of which is that she has secured possession and control of all the property of the estate of her deceased husband, without discharging the indebtedness against it. So, the only question necessary to determine is, does the complaint, upon this theory, state facts from which it appears that she is personally responsible for the several items of indebtedness sued upon? According to the averments of the complaint, this indebtedness consists of valid and existing claims against the estate, to discharge which the property of the estate should have been applied. The defendant was appointed administratrix of the estate. Thereafter all the property of the estate, real and personal, which appears to have been held in trust by others, was transferred to her; that soon thereafter she resigned, and took and carried away from the state all of the personal property of the estate; that the administration proceedings have not been closed, nor have the claims sued upon been paid or passed upon, though duly filed in the county court, where the administration proceedings were pending; that the value of the estate far exceeded the amount of the indebtedness against it; that deceased left no will; and that defendant is an heir of his estate..

We think these facts render her personally responsible for the indebtedness set out in the several causes of action. She took the property of the estate as an heir of deceased, subject to the payment of the indebtedness against the estate. An heir into whose possession all the property of an estate has come, in the circumstances narrated in the complaint, can only be excused from the payment of its debts by showing that such property is insufficient for that purpose. *Dowling v. Dowling,* 2 Colo. App. 28; *Green v. Taney,* 16 Colo. 398.

This showing she not only failed to make, but, from the averments of the complaint, which, for the purpose of the demurrer, she conceded to be true, she received all the property of the estate of the value of seventy-five thousand dollars, and that the indebtedness against the estate contracted by her husband did not exceed fifteen hundred dollars.

It is also contended by counsel for appellant that no good reason is shown by any averments in the complaint why plaintiff should not have pursued the remedies provided by the statutes relating to estates, or brought suit upon the bond of the defendant. In the circumstances of this case, the choice of remedies rested with plaintiffs.

The judgment of the District Court is affirmed.

*Judgment affirmed.*

CHIEF JUSTICE CAMPBELL and MR. JUSTICE HILL concur.